PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES E. DAMRON, | ) | CASE NO. 4:20CV813 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| BRANDI HARRIS, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 2] |

*Pro se* Plaintiff James E. Damron filed this action under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 against Trumbull Correctional Institution ("TCI") Warden Brandi Harris, TCI Investigator David S. Ritz, Rules Infraction Board, Member Lieutenant Melody Bryant, TCI Warden's Administrative Assistant Julie Loomis, and Ohio Department of Rehabilitation and Correction ("ODRC") Director Annette Chambers-Smith. ECF No. 1 at PageID #: 1.[1] Plaintiff seeks to proceed *in forma pauperis.* ECF No. 2. Plaintiff's request is denied, and this action is dismissed without prejudice pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

---

[1] Plaintiff alleges he was disciplined for engaging in a sexual act during a visit with his wife at TCI. *Id*. at PageID #: 4-5. He denies the charge and contends he was singled out for prosecution due to his Aryan affiliations. *Id*. at PageID #: 5-6. He seeks expungement of the conduct report, reinstatement of his visitation privileges, an order for ODRC officials to wear body cameras, an apology, removal of Rule 61 from the Ohio Administrative Rules, and monetary relief. *Id*. at PageID #: 12-14.

(4:20CV813)

## I. Background

Plaintiff is no stranger to the federal courts. While this is his first case in this district, he has filed a multitude of actions in the Southern District of Ohio and the Sixth Circuit Court of Appeals. In each case, all or most of Plaintiff's claims were dismissed. Relevant to whether Plaintiff may proceed *in forma pauparis*, his attempts to seek relief from the Federal Courts have been dismissed in their entirety on at least five occasions:

1. *Christian Separatist Church Society of Ohio v. Ohio Dept. Of Rehabilitation and Corrections*, No. 2:15CV2757 (S.D. Ohio, filed Aug. 26, 2015). While the claims of other plaintiffs were not dismissed upon initial screening, every claim brought by Damron was found to be barred by the doctrine of *res judicata*, as they had been litigated in *Damron v. Jackson*, No. 2:09CV50 (S.D. Ohio, filed Mar. 19, 2009). ECF No. 12 at PageID #: 419-21.

2. *Damron v. Dodrill*, No. 2:17CV337 (S.D. Ohio, filed Apr. 20, 2017). Here, all claims brought by both plaintiffs were dismissed as frivolous, and, as to Damron, were found to be duplicative of his 2009 and 2015 cases discussed above, and thus similarly barred by the *res judicata* implications of his 2009 case. ECF No. 16 at PageID #: 1448-52.

3. *Damron v. Dodrill*, No. 18-3281 (6th Cir., filed April 20, 2017). Plaintiff was denied leave to bring his appeal *in forma pauparis*, as, in the words of the Sixth Circuit, the appeal "lack[ed] an arguable basis in law[,]" meaning it was "frivolous[.]" Doc. No. 14-2 at Page 3. The appeal was ultimately dismissed for failure to prosecute when Plaintiff failed to pay the required fee following that denial.

4. *Heid v. Marbley*, No. 20CV1512 (S.D. Ohio, filed Mar. 19, 2020). The claims of both plaintiffs were dismissed as failing to state a claim for which the Court could grant relief. This was yet another attempt by Damron to relittigate issues presented in his above-referenced 2009, 2015, and 2017 cases. ECF No. 16 at PageID #: 335-40.

5. *In Re: James E. Damron*, No. 20-3619 (6th Cir., filed Jun. 12, 2020). Plaintiff sought a writ of mandamus to: "Vacate mandate of appeal case no. 18-3281; vacate mandate of district case no. 2:17-cv-337; provide Petitioner's right of Due process to have claims heard on appeal; and/or remand case to district court to make initial screening of complaint under correct application of law; remove 'strike' from Petitioner's record of

(4:20CV813)

filings; and any other relief Petitioner is legally entitled to." Doc. No. 1-2 at Page 2. As the Sixth Circuit explained: "Damron pursued his adequate alternative remedies by appealing the district court's dismissal of his claims. That Damron did not obtain the relief he sought through this remedy is not a basis for mandamus relief, either at the district court or in this court. If Damron believed his appeal was wrongly dismissed, he had an adequate remedy in a petition for panel rehearing, for which the time to file has passed, see Fed. R. App. P. 40(a)(1), or a petition for a writ of certiorari in the Supreme Court of the United States, for which the time to file has also passed, see 28 U.S.C. § 2101(c). Accordingly, the mandamus petition is DENIED." Doc. No. 8-2 at Page 2.

## II. Standard of Review

Under 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the Court determines whether the inmate pays the entire fee immediately or over time. Id. Absent imminent danger, the installment plan is not offered to prisoners who have earned three "strikes" that is, "who has, on three or more prior occasions, while incarcerated, brought an action or appeal ... that was dismissed on the grounds that it [was] frivolous, malicious, or failed to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g).

The language of § 1915(g) is not discretionary – the Court may not allow a prisoner to proceed *in forma pauparis* after he has earned three strikes. 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section..."). The Supreme Court has held that dismissals without prejudice qualify as strikes. *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). Furthermore, if a prisoner earns a strike in a

(4:20CV813)

District Court, the strike remains in effect even while the prisoner pursues an appeal. *Coleman v. Tollefson*, 575 U.S. 532 (2015). Appeals can independently count as strikes. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 494 (6th Cir. 2012).

As the language of 28 U.S.C. § 1915(g) indicates, the three strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury." For purposes of interpreting the statute, the Court considers whether Plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562. *See also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) (suggesting that courts should focus solely on the facts alleged in the complaint when deciding whether a prisoner faces imminent danger).

### III. Law and Analysis

There can be no doubt that the dismissal of *Damron v. Dodrill*, No. 2:17CV337 (S.D. Ohio, filed Apr. 20, 2017), and the dismissal of Plaintiff's appeal therefrom *each* qualify as a strike. As discussed above, the action was dismissed by the District Court for being frivolous and for failing to state a claim, and the Sixth Circuit exercised its authority under § 1915

(4:20CV813)

(e)(2)(B) and stated that the appeal was frivolous as it had "no basis in law." Those strikes were earned long before Plaintiff filed this action. In addition to those two strikes, Plaintiff has earned others, prohibiting him from proceeding *in forma pauparis* in this case.

The Court concludes that Plaintiff earned a relevant strike when *Heid v. Marbley*, No. 20CV1512 (S.D. Ohio, filed Mar. 19, 2020) was dismissed as failing to state a claim. ECF No. 16 at PageID #: 335-40. While it is clear that the dismissal of that case qualifies as a strike, the strike was earned on July 10, 2020, several months after Plaintiff filed this action, leaving some question as to whether the strike was earned on a "prior occasion[.]" *Compare id.* (July 10, 2020) *with* ECF No. 1 (filed Apr. 15, 2020). Strikes are not retroactive. Once a plaintiff is granted permission to bring a case *in forma pauparis*, that status is not revocable based on later-earned strikes.[2] The Court is not, however, limited to only considering strikes earned before the Complaint was filed.

First, § 1915(g) states: "In no event shall a prisoner *bring* a civil action or appeal a judgment in a civil action or proceeding *under this section* if the prisoner has, on 3 or more prior occasions" earned a strike. 28 U.S.C. § 1915(g) (emphases added). While a plaintiff may *request* to proceed under § 1915 when he files a complaint, he requires permission of the Court to *bring* an action *under* § 1915. As the Supreme Court has explained, the "'three strikes'

---

[2] *See United States v. Jones*, 215 F.3d 467, 470 (4th Cir. 2000) ("We further order that our ruling shall be applied prospectively only and shall not affect those post-conviction Rule 41(e) appeals in which the appellant has already been granted in forma pauperis status."); *Brown v. Timmerman-Cooper*, No. 2:10-CV-283, 2011 WL 1429078, at *1 (S.D. Ohio Apr. 14, 2011), *report and recommendation adopted*, 2011 WL 1740706 (S.D. Ohio May 4, 2011) (collecting cases).

(4:20CV813)

provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and" has earned three strikes. Coleman, 575 U.S. at 532. It prevents the Court from *affording the status*, rather than preventing a prisoner from making any particular filing. Damron has not yet been granted permission to bring this case under § 1915, meaning that the Court may consider all strikes earned, even those earned after the filing of the Complaint.

Second, the Court is directed to screen complaints filed by prisoners "before docketing, if feasible," suggesting that cases submitted by prisoners are not to be considered fully filed before a Judge completes her review of the proposed complaint. 28 U.S.C. § 1915A(a).

Consideration of such strikes is consistent with the purposes of § 1915. It is notable that after *in forma pauparis* status is granted, if a case proceeds, the Court has already determined that at least some claims may have merit. No such determination has been made here. Primary goals of the three strikes provision are to reduce frivolous litigation, and ensure that judicial resources are available to focus on other matters. A frivolous filer should not be incentivised to file as many cases as he can all at one time after he has earned two strikes, in the hopes that some cases can persist even after one (or more) have been dismissed.[3]

---

[3] Indeed, those concerns have played out in this case. Damron appears to have earned yet another strike while his petition to proceed *in forma pauparis* has been pending. In *In Re: James E. Damron*, No. 20-3619 (6th Cir., filed Jun. 12, 2020), he filed a petition for a writ of mandamus seeking to relitigate issues which he has been told are barred by *res judicata* on at least three occasions, advancing arguments that the Sixth Circuit itself had already expressly deemed frivolous. The dismissal of that petition is a strike. *In re Kissi*, 652 F.3d 39, 41 (D.C. Cir. 2011) ("Frivolous mandamus petitions have the same effects on the courts as frivolous appeals and therefore should subject prisoners filing such petitions to the same economic costs.") (citations and quotation marks omitted); *see also Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996) ("The IFP amendments specifically target litigation by prisoners. Allowing

6

(4:20CV813)

Furthermore, even if the Court did not consider strikes earned after the Complaint had been filed, it would also conclude that Plaintiff earned a strike in *Christian Separatist Church Society of Ohio v. Ohio Dept. Of Rehabilitation and Corrections*, No. 2:15CV2757 (S.D. Ohio, filed Aug. 26, 2015). There, fifteen plaintiffs brought a joint civil rights action to address their rights of free exercise while in prison. While other plaintiffs were permitted to proceed, all of Damron's claims were dismissed as the substance of his dispute had been litigated in *Damron v. Jackson*, No. 2:09CV50 (S.D. Ohio, filed Mar. 19, 2009). ECF No. 12 at PageID #: 419-21. In an unpublished decision, a panel of the Sixth Circuit recognized that a prisoner may not skirt the implications of the PLRA by joining his own frivolous claims with the potentially meritorious claims of others:

> [Section] 1915(g) covers an entire action brought by a prisoner, not the entire case brought jointly by prisoners. When multiple prisoners are joined under Rule 20, strikes may still be incurred for an individual prisoner's portion of the case if all of that prisoner's claims are dismissed for failure to state a claim, regardless of the outcome of the other litigants' claims. In such a situation, the action brought by the prisoner was dismissed, as described by § 1915(g).

*Taylor v. First Medical Management*, 508 F. App'x 488, 493–94 (6th Cir. 2012). Applying the logic of *Taylor*, Damron earned three strikes before he filed the Complaint in this case.

Because Plaintiff has accumulated at least three strikes pursuant to 28 U.S.C. § 1915(g), he cannot proceed *in forma pauperis* in this action unless he has adequately pled that he was under "imminent danger of serious physical injury" at the time he filed the Complaint (ECF No.

---

prisoners to ... fram[e] pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'") (quoting H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166).

7

(4:20CV813)

1). To be considered imminent, the danger must be contemporaneous with the complaint's filing. *Vandiver*, 416 F. App'x at 562 ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed.") (quoting *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subjected to ongoing danger). Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *Thompson v. Sampson*, No. 1:10-cv-231, 2010 WL 1027897, at *2-3 (W.D. Mich. Mar. 18, 2010). Similarly, a prisoner-plaintiff with three strikes falls outside the exception when he is no longer in danger at the initiation of proceedings in federal court. *Vandiver*, 416 F. App'x at 562.

None of the allegations in the Complaint (ECF No. 1) suggest that Plaintiff is under imminent danger of serious physical injury, only that his wife may not visit him. Plaintiff does not allege he is under threat of serious physical injury. Thus, the exception to 28 U.S.C. § 1915(g) does not apply in this case, and Plaintiff may not proceed *in forma pauperis*.

## IV. Conclusion

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is denied, and this action is dismissed without prejudice pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g). If Plaintiff wishes to continue this case, he must within thirty (30) days of the entry of this Memorandum of Opinion and Order: (1) pay the $400 filing fee in full, noting the above case

(4:20CV813)

style and number; and (2) file a motion to reopen the case. Prior to granting any such motion, the Court will then screen the substance of the Complaint in accordance with 28 U.S.C. § 1915A.

    IT IS SO ORDERED.

  October 28, 2020                                  /s/ Benita Y. Pearson  
Date                                               Benita Y. Pearson  
                                                    United States District Judge